# EXHIBIT B

STATE OF NORTH CAROLINA     IN THE GENERAL COURT OF JUSTICE
                                                   DISTRICT COURT DIVISION
COUNTY OF PENDER                           File No.: 11 CVD 0613

IAN S. GOTTLIEB, )
          Plaintiff, )
                            )
vs.                              )         **ORDER**
                            )
ERICA E. GOTTLIEB, )
          Defendant. )

THIS CAUSE came on for hearing before the undersigned District Court Judge this day on Defendant's Motion for Emergency Ex Parte Child Pick-Up Order. Upon reviewing Defendant's motion and the Exhibits attached thereto, including the verified Affidavit she submitted to the New York Court on March 29, 2013, and the pleadings and Orders previously filed in this action, the Court makes the following FINDINGS OF FACT:

1. Plaintiff is a resident of Pender County, North Carolina, residing at 796 Washington Acres Rd., Hampstead, NC 28443.

2. The Defendant resides in Brooklyn, New York.

3. The parties were married on July 17, 2005, in Rockland County, New York. There were two children born of the marriage, to-wit: Gabrielle Arlene Gottlieb, born 11/13/2005 (age 7), and Jacob Thomas Gottlieb, born 12/27/2007 (age 5). They were divorced on February 11, 2013.

4. The Supreme Court of the State of New York for New York County in that action styled <u>Erica F. Gottlieb v. Ian S. Gottlieb</u>, Index No. 312670/11, Honorable Ellen Gesmer presiding, has jurisdiction over the issue of custody of the parties' minor children.

6. On February 8, 2013, and again on March 22 and 23, 2013, the Plaintiff refused to permit the Defendant to pick up the minor children for visitation. He informed a Deputy with the Pender County Sheriff's Department that "he felt the order was invalid due to lost of issues"

A TRUE COPY
CLERK OF SUPERIOR COURT
PENDER COUNTY
BY ____FRAN FOUCHE____
DEPUTY CLERK SUPERIOR COURT

1

and further, that "he would 'do whatever was necessary to avoid turning his children over to his ex-wife, her boy-friend & father.'"

7. On March 29, 2013, Judge Gesmer issued an <u>Order to Show Cause</u>, a copy of which is attached to this Order, which provides that Erica Gottlieb is to have "interim custody" of the children pending a full hearing in that Court; that she is to pick up the minor children from their schools on April 2, 2013, and that she should seek law enforcement assistance to do so.

8. Plaintiff by his actions has demonstrated a flagrant disregard of this Court's Orders and the Orders of the New York Court such that issuance of this Order without notice to him is necessary.

FROM THE FOREGOING FINDINGS OF FACT, THE COURT CONCLUDES AS A MATTER OF LAW:

1. This Court has limited emergency custody jurisdiction under N.C.G.S. §50A-204 of North Carolina's Uniform Child-Custody Jurisdiction and Enforcement Act (UCCJEA) to require that the Plaintiff comply with the terms of the Order to Show Cause entered on March 29, 2013 by the New York, which has jurisdiction over the issue of custody.

2. This Court has authority to enter this Order ex parte, as a result of Plaintiff's failure to comply with prior orders of this Court and the New York Court and his demonstrated determination to continue doing so.

Based on the foregoing Findings of Fact and Conclusions of Law, it is **ORDERED, ADJUDGED, AND DECREED** as follows:

1. The Defendant, Erica Gottlieb, is to pick up the minor children from their schools, or whereever they may be found, on April 2, 2013.

2. Plaintiff shall comply with the terms of Judge Gesmer's Order attached hereto.

3. Defendant is to have physical custody the children from and after April 2, 2013 pending further orders of the New York Court.

4. The Pender County Sheriff's Department or any other North Carolina law enforcement agency having jurisdiction so to act shall assist Erica Gottlieb in obtaining physical custody of the minor children pursuant to the terms of this Order, including by means of force, should that be necessary.

This the 2nd day of April, 2013.

/s/ James H. Faison, III
HON. JAMES H. FAISON, III
DISTRICT COURT JUDGE PRESIDING

## CERTIFICATE OF SERVICE

I, VIRGINIA R. HAGER do hereby certify that I have this day mailed a copy of the foregoing Order to the Defendant, addressed as follows:

Ian S. Gottlieb
796 Washington Acres Rd.
Hampstead, NC 28443

This the 2nd day of April, 2013.

Virginia R Hager
VIRGINIA R. HAGER
Attorney for Defendant

MS-010

At an IAS Term Part 24 of the Supreme Court of the State of New York held in and for the County of New York at the Courthouse located at the Supreme Court, 60 Centre Street, New York, NY on March 29, 2013.

PRESENT: Ellen Gesmer
J.S.C.

13M07852

EX PARTE MOTION OFF
APPROVED
FOR THE PAYMENT
OF MOTION FEE
ONLY

-----------------------------------X

ERICA FRANCINE GOTTLIEB,

       Plaintiff,

-against-

IAN SAMUEL GOTTLIEB,

       Defendant.

-----------------------------------X

INDEX NO: 312670/11

ORDER TO SHOW CAUSE

FEE PAID

MAR 29 2013

NEW YORK
COUNTY CLERK'S OFFICE

**WARNING: YOUR FAILURE TO APPEAR IN COURT MAY RESULT IN YOUR IMMEDIATE ARREST AND IMPRISONMENT FOR CONTEMPT OF COURT.**

**THE PURPOSE OF THIS HEARING IS TO PUNISH THE ACCUSED FOR CONTEMPT OF COURT AND THAT PUNISHMENT MAY CONSIST OF FINE OR IMPRISONMENT OR BOTH.**

UPON READING AND FILING the annexed Affidavit of ERICA FRANCINE GOTTLIEB, the Plaintiff herein, duly sworn to on the 26th day of March 2013, the Affirmation of Christopher N. Palermo, Esq., duly affirmed on the 27th day of March 2013; and upon the supporting exhibits annexed hereto,

LET THE DEFENDANT IAN SAMUEL GOTTLIEB, and his attorney show cause before this Court at an IAS Term, PART 24, to be held in the Supreme Court of the State of New York, at the Courthouse located at: 60 Centre Street, New York, NY on the 5th day of

10:20
April 2013 at 9:30 in the forenoon of that day, or as soon thereafter as counsel can be heard, why an Order should not be made and entered herein:

WHY an Order should not be made and entered herein:

1) Punishing the Defendant, Ian Samuel Gottlieb, for Contempt of Court pursuant to CPLR Section 5104, Domestic Relations Law Section 245 and/or Judiciary Law Section §753 §756, for his willful refusal to comply with the August 10, 2012 So Ordered Stipulation by Hon. Justice Ellen Gesmer, and subsequent Orders of this Court dated March 11, 2013 and March 20, 2013, with respect to Plaintiff's right of visitation with the parties' children, Gabrielle Gottlieb, born November 13, 2005 (age 7) and Jacob Gottlieb, born December 27, 2007 (age 5); and

2) That upon finding the Defendant in contempt for his willful refusal to comply with the visitation terms of the aforesaid August 10, 2012 So Ordered Stipulation, that the Defendant be punished for contempt by imposing a fine and his incarceration for a period of up to six (6) months; and

3) Holding the Defendant responsible for and directing the Defendant to reimburse the Plaintiff for travel expenses incurred by her in connection with her trip to and from North Carolina on February 8, 2013, and March 22, 2012; and

4) Pursuant to Domestic Relations Law Section 240, granting Plaintiff sole custody of the children, Gabrielle Gottlieb, born November 13, 2005 (age 7) and Jacob Gottlieb, born December 27, 2007 (age 5); and

5) Upon an award of custody of the said children to the Plaintiff, that an Order be issued pursuant to Domestic Relations Law Section §240, directing that the Defendant be required to pay child support to the Plaintiff, for the said children of the parties, in accordance with the Child Support Standards Act, together with a pro rata contribution of all uninsured

health/dental care, psychological, pharmaceutical, educational, and extracurricular expenses; and

SUFFICIENT reason appearing thereof,

ORDERED, that service of a copy of this Order, together with the papers upon which it is based, be served upon the Defendant, Ian Samuel Gottlieb, by personal service on of before the 3rd day of April, 2013 and the same, be deemed good and sufficient service; and it is further

ORDERED that the Plaintiff, Erica Gottlieb shall have interim custody of the children pending a full hearing in this matter; and it is further

ORDERED that the mother shall pick the children, Gabrielle and Jacob, up from their schools, Topsail Elementary in Hampstead, NC, and Gateway Academy in Wilmington, NC on Tuesday, April 2, 2013, at any time she arrives; and it is further

ORDERED that Erica Gottlieb shall advise the police in each city (Hampstead and Wilmington) of the pick-ups, provide them with orders, and seek their assistance; and it further

ORDERED that the father Ian Gottlieb shall not interfere with the Mother's pick-up of the children on April 2, 2013, or any date thereafter, and the father, Ian Gottlieb, shall not keep the children home from school on that date or any date thereafter, nor interfere in any way with the children's departure with their mother, on his own or by enlisting the aid of third parties; and it is further

ORDERED that the parties and counsel shall appear before the Court on April 5, 2013.

ENTER:

_____
J.S.C
HON. ELLEN GESMER