# EXHIBIT C

FILED
2013 FEB 22 PM 1:35
PENDER CO., C.S.C.
BY_____

STATE OF NORTH CAROLINA      IN THE GENERAL COURT OF JUSTICE
                                                        DISTRICT COURT DIVISION
COUNTY OF PENDER                         File No.: 11 CVD 0613

IAN S. GOTTLIEB, )
        Plaintiff, )
                )
vs.                     )     **ORDER**
                )
ERICA E. GOTTLIEB, )
        Defendant. )

THIS CAUSE came on for hearing before the undersigned District Court Judge on February 5, 2013, on Plaintiff's <u>Emergency Motion to Show Cause for Civil Contempt</u> filed on January 7, 2013, and <u>Motion Under Rule 60</u> filed on January 24, 2013. Plaintiff was present, proceeding *pro se*, and the Defendant was present, represented by her attorney, Virginia R. Hager. Upon reviewing the pleadings filed in this matter and upon hearing testimony and receiving evidence presented by the parties, Court makes the following FINDINGS OF FACT:

1.      Plaintiff is a resident of Pender County, North Carolina, residing at 796 Washington Acres Rd., Hampstead, NC 28443.

2.      The Defendant resides in Suffolk County, New York.

3.      The parties were married on July 17, 2005, in Rockland County, New York. There were two children born of the marriage, to-wit: Gabrielle Arlene Gottlieb, born 11/13/2005 (age 7), and Jacob Thomas Gottlieb, born 12/27/2007 (age 5).

4.      The Children were born in New York state and resided there until July 7, 2011, when the Plaintiff brought them to his residence in Pender County, North Carolina.

5.      The children are in the temporary custody of the Plaintiff pursuant to Orders entered in the Supreme Court of the State of New York for New York County in that action styled <u>Erica F. Gottlieb v. Ian S. Gottlieb</u>, Index No. 312670/11, Honorable Ellen Gesmer presiding.

A TRUE COPY
CLERK OF SUPERIOR COURT
PENDER COUNTY
BY _____
DEPUTY CLERK SUPERIOR COURT

1

6. Judge Gesmer issued an Order on December 6, 2011 in which she ruled that "it would be inappropriate to decline jurisdiction." The portion of her order which required that the Plaintiff bring the children back to New York has been stayed by the appellate court in New York.

7. On July 8, 2011, when Plaintiff initiated this action, New York was the home state of the minor children as that term is defined in N.C.G.S. §50A-102(7).

8. This Court does not have authority to question Judge Gesmer's ruling in which she declined to relinquish jurisdiction over custody of the minor children to North Carolina.

9. This Court entered its first Order dismissing Plaintiff's custody complaint and confirming that this Court cedes jurisdiction to New York on March 9, 2012.

10. Plaintiff filed a Motion for Relief from Order (Rule 60) on May 11, 2012 which was denied in the Order entered on June 12, 2012. Plaintiff filed a second Motion for Relief from Order on August 1, 2012, and a Motion to Modify Interim Visitation Order on August 30, 2012, both of which were denied by this Court in the Order entered on September 13, 2012.

13. On August 10, 2012, while the children were still in New York for their summer visitation with the Defendant (their mother), both parties, their attorneys, and the children's attorney appeared in Court before Judge Gesmer who then entered into a Stipulation Order which was signed by all of the parties, including the Plaintiff. A copy of said Order was attached to the Order entered herein on September 13, 2012. Any effort to change the terms of that New York Order must be filed with the Court in New York.

11. Plaintiff filed an "Emergency Complaint and Motion to Modify Compliance With New York Stipulation" on November 13, 2012, which was allowed to a limited extent in the Order entered on December 18, 2012.

12. On November 13, 2012, this Court entered an <u>Order Awarding Attorney's Fees</u>

2

and Sanctions under Rule 11. Said Order contains as findings of fact the following, which the Court incorporates herein to this Order:

> 7. That Plaintiff commenced this action after relocating to North Carolina with the minor children and thereafter learning of an alleged sexual abuse of daughter, Gabrielle Gottlieb by her maternal grandfather, while they lived in New York. This Court entered a Temporary Custody Order under N.C.G.S. §50A-204 of North Carolina's Uniform Child-Custody Jurisdiction and Enforcement Act (UCCJEA), which pertains to "temporary emergency jurisdiction," as the "children were present in this State and it was necessary in an emergency to protect the child because the child, or a sibling or parent of the child, is subject to or threatened with mistreatment or abuse" as defined in the statute. Plaintiff subsequently made no effort to initiate a custody action in the children's home state, but requested the New York Court to decline jurisdiction. Plaintiff also contested the Defendant's efforts to litigate custody in that state. Furthermore, Plaintiff has never explained why he could not have initiated his custody claim in New York rather than here in North Carolina and sought appropriate ex parte relief from the court in New York rather than from this Court.

\* \* \* \* \* \*

> 13. That on May 25, 2012, Judge Gesmer entered an Order in which she concludes that she does have jurisdiction to hear Erica Gottlieb's application for summer visitation notwithstanding the stay. Judge Gesmer conducted a hearing on that issue May 30, 2012 and June 4, 2012, and issued her written Order on June 7, 2012, directing that Erica Gottlieb is to pick up the children from Ian Gottlieb's home Monday, June 11, 2012, at noon, under the supervision of Vanguard Supervised Visitation Services. The Court has reviewed both Orders of Judge Gesmer, and notes that she fully considered Plaintiff's contention that Gabrielle had been sexually abused by the Defendant's grandfather, and found that claim unsubstantiated.

\* \* \* \* \* \*

> 18. That Plaintiff's refusal to accept Judge Gesmer's decision not to relinquish jurisdiction to this Court is not well grounded in fact or warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law. Defendant is therefore entitled to an award of attorney's fees and sanctions under Rule 11 for having to defend against the Motions filed by the Plaintiff on December 15, 2011 and May 11, 2012.

3

13. In his <u>Emergency Motion to Show Cause for Civil Contempt</u>, Plaintiff alleged that during the visitation she had with the children in New York over the Christmas break from school, Defendant failed to comply with the requirement in the June 12, 2012 Order of this Court that she was not to leave the children alone with her father, Armand Elster, or her boyfriend, James M. Jones. The provision of the June 12, 2012 Order pertaining to Mr. Elster is no longer in effect, and was superceded by the terms of the August 10, 2012 New York Stipulation Order and this Court's Order of September 13, 2012, neither of which contain any prohibition on Mr. Elster being around the children.

14. As a result of Mr. Jones being under a no-contact order related to criminal charges then pending against him in New Hanover County for assault on female, the December 18, 2012 Order of this Court required that the Defendant was not to have the minor children around Mr. Jones nor permit them to have any contact with him, either directly or indirectly.

15. Plaintiff has failed to present sufficient evidence that the Defendant has violated the Order that she not permit the children to have contact with Mr. Jones during her visitation.

16. On February 4, 2013, Defendant and Mr. Jones attended District Court on this matter, and the District Attorney dismissed those charges. As a result of the dismissal of the criminal charge against Mr. Jones, this Court no longer requires that the Defendant refrain from having the children around him during her visitation periods.

17. The December 18, 2012 Order also required that during her upcoming visitation, the Defendant was to have the children overnights at her residence in Selden, New York, and that "should she have the children stay elsewhere, she shall promptly give the Plaintiff advance notice of the address and telephone number(s) of where the children

shall be."

18. Plaintiff contends that Defendant violated the terms of this Order because she did not tell him of the name and address of the hotels where she and the children stayed during the car trip back to New York at the start of the visit, and the trip back down to North Carolina at the end of the visit. However, this provision only applied to nights spent by the children in New York during the visitation, not where they spent nights traveling between North Carolina and New York.

19. Plaintiff raises concerns in his <u>Motion Under Rule 60</u> which this Court has previously heard and addressed, and has presented no new evidence which would warrant this Court revisiting those issues. As found by this Court in its November 13, 2012 Order, Judge Gesmer "fully considered Plaintiff's contention that Gabrielle had been sexually abused by the Defendant's grandfather, and found that claim unsubstantiated." This Court defers to her findings and Order on that issue as well as on Ms. Gottlieb's right to have regular unsupervised visitation with the children. Any motion seeking to modify Judge Gesmer's orders should be filed in the New York Court.

20. Plaintiff has failed to show grounds for relief on his Rule 60 Motion and therefore the same is denied.

21. Plaintiff has filed motions which are cumulative and repetitive, and are in disregard of previous directives and orders of this Court. As a result, this Court will *sua sponte* implement a gatekeeping order.

FROM THE FOREGOING FINDINGS OF FACT, THE COURT CONCLUDES AS A MATTER OF LAW:

1. This Court does not have jurisdiction to modify the terms of the August 10, 2012 Stipulation Order issued by the New York Court.

2. There is no showing that Plaintiff is entitled to relief under Rule 60 of the North Carolina Rules of Civil Procedure.

3. There has been no credible evidence presented that the Defendant has violated any of the terms of this Court's Orders.

4. It would serve the ends of justice and judicial economy to preclude Plaintiff from filing further motions in this action without first complying with the gatekeeping provisions, requiring that the Plaintiff have an attorney screen any motions he files in the future, as set forth hereinbelow.

Based on the foregoing Findings of Fact and Conclusions of Law, it is **ORDERED, ADJUDGED, AND DECREED** as follows:

1. Plaintiff's <u>Emergency Motion to Show Cause for Civil Contempt</u> is denied.

2. Plaintiff's <u>Motion Under Rule 60</u> is denied.

3. The Plaintiff is not to file another motion in this matter unless and until he has done the following:

   (A) Consulted with a duly licensed attorney who is engaged in the practice of law in North Carolina;

   (B) Said attorney reviews the pleadings and Orders entered in this action, the motion, and provides written notarized verification of having done so and that the attorney is of the opinion that it is appropriate for Plaintiff to file the motion, including in the verification an explanation as to why he or she believes it appropriate for Plaintiff to file the motion; and

   (C) Presents the attorney's notarized verification to the Clerk of Court at the time he files the motion.

4. The provision of the December 18, 2012 Order requiring that the Defendant not have the minor children around Mr. Jones nor permit them to have any contact with him, either directly or indirectly, is no longer in effect.

This the 20th day of February, 2013.

s/ James H. Faison, III
HON. JAMES H. FAISON, III
DISTRICT COURT JUDGE PRESIDING

## CERTIFICATE OF SERVICE

I, VIRGINIA R. HAGER do hereby certify that I have this day mailed a copy of the foregoing Order to the Defendant, addressed as follows:

Ian S. Gottlieb
796 Washington Acres Rd.
Hampstead, NC 28443

This the 22nd day of February, 2013.

VIRGINIA R. HAGER
Attorney for Defendant