UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Civil Action No. 7:15-CV-0038-BR

| | |
|---|---|
| IAN S. GOTTLIEB<br>As BIOLOGICAL FATHER and<br>NEXT FRIEND OF GG AND JG,<br><br>Petitioner,<br><br>v.<br><br>ERIC SCHNEIDERMAN, AG of<br>NY STATE, HON. ELLEN<br>GESMER, SUPREME COURT OF<br>NEW YORK COUNTY JUSTICE,<br>ERICA F. GOTTLIEB,<br><br>Respondents. | **REPLY MEMORANDUM OF LAW IN SUPPORT<br>OF STATE RESPONDENTS' MOTION TO<br>DISMISS**<br><br>**Pursuant to Fed. R. Civ. P. 12(b)(1) and (6)** |

## PRELIMINARY STATEMENT

*Pro Se* Petitioner's Reply in Opposition of State Defendants' Motion To Dismiss (ECF No. 30) fails to demonstrate that this Court has subject matter jurisdiction over the claims in his Habeas Petition and Declaratory Judgment Petition. Those claims concern Petitioner's child custody dispute with Respondent Erica Gottlieb in a New York State Supreme Court divorce proceeding. Instead of establishing the Court's jurisdiction, Petitioner attempts to raise procedural issues concerning both State Respondents' Motion to Dismiss and the underlying New York State Supreme Court case. None of these alleged procedural issues provide this Court with jurisdiction to hear this case. Additionally, Petitioner does not explain his decision to name AG Schneiderman as a respondent; the Petitions contain no factual allegations against AG Schneiderman. As a matter of law, the Habeas Petition and Declaratory Judgment Petition should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

I. **STATE RESPONDENTS' MOTION TO DISMISS COMPLIES WITH THE FEDERAL RULES OF CIVIL PROCEDURE AND RULES GOVERNING SECTION 2254 CASES**

Petitioner's procedural argument that State Respondents were required to file an answer and record of the underlying proceeding is without merit. Opposition, ECF No. 30, at 1-3. Rule 5(a) of the Rules Governing Section 2254 Cases states that "[t]he respondent is not required to answer the petition unless a judge so orders." 28 U.S.C. § 2254, Rules Governing Section 2254 Cases in the United States District Courts, R. 5(a). Federal judges have the option to order respondents in habeas cases brought pursuant to 28 U.S.C. § 2254 "to file an answer, motion, or other response within a fixed time." 28 U.S.C. § 2254, Rules Governing Section 2254 Cases in the United States District Courts, R. 4.

The Court has not ordered any of the Respondents to file *an answer* in this case. On July 9, 2015, the Court issued summonses requiring the Respondents to answer *or* file a motion pursuant to Rule 12 of the Rules of Civil Procedure. *See* Summons in a Civil Action, ECF No. 8 (dated July 9, 2015). Moreover, in response to State Respondents' Motion for an Extension of Time to Respond, ECF No. 13, the Court ordered the Respondents to *respond* to the petitions by August 28, 2015. Order, ECF No. 14 (Aug. 6, 2015). State Respondents appropriately filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) as a "response" to the petitions in this case in accordance with the Court's summonses and the Court's August 6, 2015 Order extending State Respondents' time to respond to the petitions. *See e.g.,* 28 U.S.C. § 2254, Rules Governing Section 2254 Cases in the United States District Courts, R. 12; *Walker v. Kelly*, 589 F.3d 127, 138-39 (4th Cir. 2009) (finding Rule 12(b)(6) standards applicable to a motion to dismiss in a habeas case).

Further, State Respondents filed their motion to dispose of this matter in its entirety – not "to delay this Court's decision" as Petitioner speculates. Opposition, ECF No. 30, at 2. State Respondents do not seek to delay these proceedings, but as a matter of law respectfully seek the prompt dismissal of this case.

## II. NEW YORK STATE SUPREME COURT HAS SUBJECT MATTER JURISDICTION OVER THE NEW YORK STATE DIVORCE PROCEEDING AND RELATED CUSTODY ISSUES

Petitioner erroneously argues that the New York State Supreme Court for New York County lacked subject matter jurisdiction to determine the divorce proceeding, including the custody determination of Petitioner's children. Petitioner's position is incorrect. In New York, the Supreme Court is a court of "general original jurisdiction in law and equity." N.Y. Const., Art. VI, § 7. This grant of general jurisdiction includes divorce and custody proceedings. *See generally Lacks v. Lacks*, 41 N.Y.2d 71, 76, 359 N.E.2d 384 (1976); N.Y. Const., Art. VI, §§ 7, 13. New York State Supreme Court and Kings County Family Court share concurrent jurisdiction over child custody proceedings. *See e.g., Plovnick v. Klinger*, 10 A.D.3d 84, 89-90, 781 N.Y.S.2d 360, 364-65 (2d Dep't 2004); *O'Neil v. O'Neil*, 193 A.D.2d 16, 18, 601 N.Y.S.2d 628, 630 (2d Dep't 1993).

Petitioner does not dispute that the New York State Supreme Court has subject matter jurisdiction to decide custody issues. Seemingly, Petitioner challenges the subject matter jurisdiction of the New York State Supreme Court, *New York County*, over the custody issues in his divorce proceeding. *See* Opposition, ECF No. 30, at 8, 14-15. However, "the supreme court is a single court of state-wide jurisdiction, with a branch in each county." Siegel, David, New York Practice 16 (5th Ed. 2010). Thus, the county in which the Supreme Court is located does not determine its subject matter jurisdiction.

3

Petitioner alleges that the New York State Constitution prohibited the consolidation of the New York State Supreme Court case and the Kings County Family Court case. Opposition, ECF No. 30, at 8, 14-15 (citing article VI, section 19 of the New York State Constitution, which governs the transfer of actions or proceedings). This proposition is legally incorrect. *See Collins v. Manufacturers Hanover Trust Co.*, 478 N.Y.S. 2d 236, 238-39, 124 Misc. 2d 907, 911 (N.Y. Sup. Ct., Sp. Term, 1984) (discussing the language of article VI, section 19 of the New York State Constitution and the policy favoring the transfer of cases to courts of "concurrent jurisdiction, to achieve the goals of economy of time, expense and effort" without the limitation by the geographic boundaries of the judicial departments). It is also irrelevant because the Kings County Family Court case was not "transferred" to New York State Supreme Court; the cases were consolidated. The consolidation of cases is governed by Rule 602 of the New York State Rules of Practice, which provides no geographical limitations. *See* N.Y. C.P.L.R. § 602.

Petitioner does not dispute that he and Respondent Erica Gottlieb had two separate cases in different courts that were consolidated into one case in New York Supreme Court. *See* D.J. Pet., ECF No. 7-10, at 13-15 ("The First New York Court Action" and "The Second New York Court Action"); *see also* Opp., ECF No. 30, at 8, 14-15. In fact, Petitioner concedes that Justice Gesmer ordered the consolidation of the New York State Supreme Court divorce proceeding and the Kings County Family Court matter with the consent of both parties, including Petitioner. *See* Opp., ECF No. 30, at 15; D.J. Pet., ECF No. 7-10, at 14. This consent is clearly demonstrated by Petitioner's signature, along with the signature of his attorney, on the New York State Supreme Court's Preliminary Conference Stipulation/Order.[1] *See* Lambert Reply Decl., ¶ 2, Preliminary Conference Stipulation/Order, at 8 (signatures of both Petitioner and

---

[1] Petitioner's consent to the consolidation waives any challenge to venue or personal jurisdiction of the New York State Supreme Court.

4

Respondent Erica Gottlieb) and 4, ¶ F (parties' stipulation for "[t]he [Supreme] Court to remove the N.Y. Family Court actions and consolidate with this one [without] prejudice to [Petitioner's] right to move for any relief otherwise available to him including that this Court decline jurisdiction") (dated Oct. 11, 2011).

In any event, this Court need not decide whether jurisdiction was proper in the New York State Supreme Court. Petitioner has the right to appeal in the state courts any alleged jurisdictional defect. As this Court is one of limited subject matter jurisdiction, Petitioner is barred from "appealing" the New York State Supreme Court's jurisdiction, as he attempts to do so here. *See* State Respondents' Mem. of Law, ECF No. 24, at 21.

## CONCLUSION

For all of the reasons set forth above, and for the reasons in the State Respondents' opening brief, the State Respondents respectfully request that this Court grant the State Respondents' motion to dismiss the Petition for a Writ of Habeas Corpus, ECF Nos. 1-1 & 7, and Petition for Declaratory Judgment Pursuant to 28 U.S.C. §§ 2201, 2201, ECF Nos. 5 & 7-10, in their entirety, and for such other and further relief the Court deems just and proper.

Dated: New York, New York
October 2, 2015

Respectfully submitted,

ERIC T. SCHNEIDERMAN
Attorney General of the
State of New York
Attorney for State Respondents
By:

MICHELLE R. LAMBERT
Assistant Attorney General
Office of the Attorney General
New York State
120 Broadway – 24th Floor
New York, New York 10271-0332
Telephone: (212) 416-6203
Fax: (212) 416-6009
Michelle.lambert@ag.ny.gov
N.Y. Reg. No. 466657

6

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on October 2, 2015, I electronically filed the foregoing REPLY MEMORANDUM OF LAW IN SUPPORT OF STATE RESPONDENTS' MOTION TO DISMISS on behalf of the Honorable Ellen Gesmer, a Justice of the New York State Supreme Court, New York County, and Eric T. Schneiderman, Attorney General of the State of New York, with the Clerk of Court using the CM/ECF system, served a copy on counsel for Respondent Erica Gottlieb via the CM/ECF system, and served a copy on the Pro Se party by depositing a copy in the United States Mail addressed as follows:

>**Ian S. Gottlieb**
>**796 Washington Acres Road**
>**Hampstead, NC 28443**
>*Pro se*

>ERIC T. SCHNEIDERMAN
>Attorney General of the State of New York
>
>By: /s/ Michelle R. Lambert
>Michelle R. Lambert
>Assistant Attorney General
>120 Broadway, 24th Floor
>New York, NY 10271
>212-416-6023
>Fax: 212-416-6009
>Michelle.lambert@ag.ny.gov
>N.Y. Reg. No. 466657
>*Attorney for State Respondents*