IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO: 7:15-CV-00038-BR

| | |
|---|---|
| IAN S. GOTTLIEB, as Biological )<br>Father and Next Friend of GG )<br>and JG, )<br>           Plaintiff, )<br>  v. )<br> )<br>ERIC SCHNEIDERMAN, AG of )<br>NY State, et. al., )<br>           Defendants. ) | ORDER |

This matter is before the court on the motions to dismiss filed by defendant Erica Gottlieb, (DE # 28), and by defendants Eric Schneiderman, Attorney General of the State of New York, and the Honorable Ellen Gesmer, Justice of the Supreme Court of the State of New York, (DE # 23). The motions have been fully briefed and are ripe for disposition.

## I. BACKGROUND

This matter arises out of a divorce and custody dispute between plaintiff and his former wife, Erica Gottlieb ("Mother"), litigated in the state courts of New York and North Carolina. Plaintiff and Mother were married in 2005 and primarily resided in Brooklyn, New York. (North Carolina Order, DE # 7-8, at 2.) The couple had two children. (Id.) Plaintiff moved to North Carolina in 2010. (Custody Order, DE # 28-1, at 8.) The children continued to reside with Mother in New York until July 2011, when plaintiff brought the children to his residence in Pender County, North Carolina. (Id. at 9; North Carolina Order, DE # 7-8, at 3.) A custody dispute subsequently developed between plaintiff and Mother.

On 8 July 2011, plaintiff commenced a custody action in North Carolina District Court, Pender County. (North Carolina Order, DE # 7-8, at 1-2.) In the complaint, plaintiff alleged that

the parties' daughter had been sexually abused by her maternal grandfather while in New York. (Custody Order, DE # 28-1, at 10.) Based on this allegation, the North Carolina court assumed temporary emergency jurisdiction pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA") and placed the children in plaintiff's temporary custody. (See Lambert Decl., Ex. E, DE # 25-5, at 2-3.)

On 20 July 2011, Mother initiated a separate action for custody in the New York City Family Court, Kings County. (Pet. for Dec. J., DE # 7-10, at 13.) The case was later consolidated with a divorce action commenced by Mother in the Supreme Court of New York, New York County. (Id. at 14.) After conferring with the North Carolina court, Justice Gesmer issued an order on 6 December 2011 finding that New York was the children's home state and, therefore, had jurisdiction to make an initial child custody determination pursuant to the UCCJEA. (See Lambert Decl., Ex. E, DE # 25-5, at 3.) Justice Gesmer denied plaintiff's motion to relinquish jurisdiction on the ground that North Carolina was the more appropriate forum, and directed plaintiff to bring the children to New York. (Id.) On 9 March 2012, the North Carolina court dismissed plaintiff's complaint for custody on the ground that New York had jurisdiction over child custody proceedings. (Id. at 4.) Plaintiff appealed the New York court's decision to the Appellate Division, First Department of the Supreme Court of New York, and obtained a stay of Justice Gesmer's directive that he return the children to New York. (Custody Order, DE # 28-1, at 6.)

On 10 August 2012, plaintiff and Mother entered into a stipulation setting out a schedule for Mother to have visits with the children during the pendency of the stay. (See Stipulation and Order, DE # 7-3.) Plaintiff failed to abide by the visitation schedule on multiple occasions, including when he refused to permit Mother to pick up the children for a scheduled visitation in

February 2013. (Custody Order, DE # 28-1, at 14-15.) On 28 February 2013, the Appellate Division affirmed Justice Gesmer's order finding that New York had jurisdiction to determine the custody issue, and the stay of the order was lifted, Gottlieb v. Gottlieb, 103 A.D.3d 593 (N.Y. App. Div. 2013). (Id. at 4, 15.) Justice Gesmer later modified the stipulation to allow Mother to continue to have visits with the children. (Habeas Petition, DE # 1-1, at 4; Custody Order, DE # 28-1, at 15.) Plaintiff again intentionally prevented Mother from seeing the children in March 2013. (Custody Order, DE # 28-1, at 16-17.)

On 29 March 2013, upon application by Mother, Justice Gesmer issued an *ex parte* order to show cause with a return date of 5 April 2013. (See DE # 7-4.) The *ex parte* order provided Mother with interim custody of the children pending a hearing; directed Mother to pick the children up from their schools in North Carolina on 2 April 2013; advised Mother to seek assistance of local law enforcement for the pick-ups; and ordered plaintiff not to interfere with Mother's pick-up of the children. (Id. at 2-3.) Pursuant to the order, Mother picked up the children from their schools in North Carolina on 2 April 2013 and brought them to New York. (Custody Order, DE # 28-1, at 17.)

Following the removal of the children from plaintiff's custody, the children's attorney filed an order to show cause on 3 April 2013 requesting that the court issue a temporary order of protection against plaintiff. (See DE # 1-6.) The children's attorney alleged that following the removal of the children from their schools on 2 April 2013, plaintiff along with his girlfriend, who was driving, drove onto the interstate to pursue Mother's car for some distance, and repeatedly tried to cut her off, thereby endangering Mother and the children. (Custody Order, DE # 28-1, at 17.) On 18 April 2013, Justice Gesmer signed the order to show cause and granted a temporary order of protection. (See DE # 1-6.) On 18 July 2013, after a two-day hearing,

3

Justice Gesmer ruled that plaintiff's conduct on the North Carolina highway constituted numerous "family offenses," including "disorderly conduct, stalking in the second, third and fourth degree, harassment in the second degree, menacing in the first, second and third degree and reckless endangerment," and entered a one-year order of protection against him. (Custody Order, DE # 28-1, at 17; Order of Protection, DE # 25-3, at 1-2.) The order of protection restricted plaintiff's contact with the children to supervised visitation and daily supervised phone calls. (Order of Protection, DE # 25-3, at 2.)

Beginning in February 2014, the New York court held a custody hearing over numerous days. (Custody Order, DE # 28-1, at 4.) On 17 July 2014, Justice Gesmer denied the children's attorney's request to extend the one-year order of protection, but specifically limited plaintiff's contact with the children to supervised visits and telephone calls *pendente lite*. (Decision and Order, DE # 7-7, at 2-3.) The custody hearing concluded on 18 February 2015. (Custody Order, DE # 28-1, at 4.)

On 28 February 2015, plaintiff commenced this action by filing a motion for leave to proceed *in forma pauperis* with various attachments, including a habeas petition. (DE # 1.) While plaintiff's application to proceed *in forma pauperis* was pending, Justice Gesmer issued a "Final Order of Custody After Trial" on 16 June 2015, in which she granted Mother sole custody of the children, and allowed plaintiff supervised visitation and phone calls with the children. (See Lambert Decl., Ex. D, DE # 25-4.) On 17 June 2015, plaintiff filed a petition for declaratory judgment with this court. (DE # 5.) Plaintiff subsequently paid the filing fee and again filed the habeas petition along with the declaratory judgment petition as one of its attachments. (DE ## 7, 7-10.) Justice Gesmer and Attorney General Schneiderman filed a

4

motion to dismiss on 28 August 2015.  (DE # 23.)  On 2 September 2015, Mother filed her own motion to dismiss.  (DE # 28.)

## II.  STANDARD OF REVIEW

Defendants each move to dismiss plaintiff's petitions for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  (DE # 23, at 1-2; DE # 28, at 1.)  Under Rule 12(b)(1), the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant.  Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).  Dismissal for lack of subject matter jurisdiction is appropriate "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."  Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999) (internal quotation marks and citation omitted).  In considering a motion to dismiss filed under Rule 12(b)(1), the court should "regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."  Id.[1]

## III.  ANALYSIS

Defendants characterize this action as plaintiff's attempt to make a federal case out of his displeasure with judicial determinations in both New York and North Carolina concerning the children's custody.  Defendants seek dismissal of plaintiff's petition for writ of habeas corpus on the ground that the court lacks subject matter jurisdiction because habeas relief is not available to resolve issues of child custody.  Defendants also argue that dismissal of plaintiff's petition for declaratory judgment is appropriate because federal subject matter jurisdiction does not extend to a domestic relations dispute, which is the heart of plaintiff's allegations and relief sought.

---

[1] Attorney General Scneiderman and Mother also move to dismiss for failure to state a claim pursuant to Rule 12(b)(6).  (DE # 23, at 2; DE # 28, at 1.)  Based on the court's conclusion about subject matter jurisdiction, the court finds that it need not reach that issue.

5

**A. Petition for Writ of Habeas Corpus**

Plaintiff filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 on behalf of himself and his children, alleging that the *ex parte* order and orders of protection entered by Justice Gesmer, as well as the manner in which the orders were obtained, violated certain rights under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments. (Habeas Petition, DE # 1-1; Habeas Petition Form, DE # 7-2.) Defendants contend that the court lacks jurisdiction over plaintiff's habeas petition because neither plaintiff nor his children are in custody pursuant to 28 U.S.C. § 2254. Under this statute, a federal court "shall entertain an application for a writ of habeas corpus . . . only on the ground that [the applicant] is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2254(a). The Supreme Court has construed this language to be jurisdictional and to require that the habeas petitioner be in custody under "the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989).

Plaintiff asserts that he is in custody pursuant to the temporary and final orders of protection, which were entered based on Justice Gesmer's determination that his conduct on the North Carolina highway constituted numerous family offenses. (Habeas Petition Form, DE # 7-2, at 2.) Plaintiff appears to argue that Justice Gesmer's determination that he committed the family offenses of disorderly conduct, stalking, harassment, menacing, and reckless endangerment was essentially a criminal prosecution. While it is true that the enumerated offenses are, by definition, crimes under the penal law, the reference to the penal law did not transform the divorce and custody matter into a criminal action. The New York Family Court Act authorizes courts to issue an order of protection as a civil remedy for certain criminal offenses designated as "family offenses" in divorce and custody matters. See Fam. Ct. Act §

812(2)(b) (noting that a family offense proceeding before the family court is "a civil proceeding and is for the purpose of attempting to stop the violence, end the family disruption and obtain protection"). While the criminal court has concurrent jurisdiction over family offenses, see Code Crim. Proc. § 530.11(1); Fam. Ct. Act § 812(1), nowhere in his filings does plaintiff provide evidence that he is now or ever has been a party to a separate criminal proceeding for the actions leading to the issuance of the orders of protection. Moreover, plaintiff acknowledges he has never been in state custody pursuant to a state court criminal conviction for his alleged conduct on the North Carolina highway. (See DE # 7-2, at 2.) Therefore, plaintiff is not "in custody" as a result of either of the orders of protection.

Plaintiff also alleges that he is "in custody" pursuant to an order limiting his contact with the children to supervised phone calls and supervised visits in New York state. (Habeas Petition Form, DE # 7-2, at 1.) Although the visitation order may make regular visits with the children difficult or cost-prohibitive, a state court's determination concerning a parent's visitation rights does not implicate the custody requirement in § 2254. See Donnelly v. Donnelly, 515 F.2d 129, 130 (1st Cir. 1975) (stating that § 2254 was not intended to encompass orders concerning parental visitation). Accordingly, plaintiff has failed to show that he is "in custody" for habeas purposes.

To the extent plaintiff seeks habeas relief on behalf of his children, the court finds that the children are also not in custody within the meaning of § 2254. Plaintiff claims that the children are "in custody" because they were unlawfully removed from his custody without him having notice or the opportunity to be heard. However, it is well established that the term "custody" as used in the habeas statutes does not refer to parental custody of a child or custody orders entered by state courts. See Lehman v. Lycoming Cnty. Children's Servs., 458 U.S. 502,

7

511-12 (1982) (concluding that child custody does not come within the scope of "custody" as used in § 2254). Thus, the placement of the children with Mother is not the type of custody that can be challenged through a § 2254 petition. Furthermore, "[w]hile a parent may be permitted to *assert* a claim on behalf of his minor child, 'non-attorney parents generally may not *litigate* the claims of their minor children in federal court.'" D'Alessandro v. North Carolina, No. 5:14-CV-16-BO, 2014 WL 2535222 at * 2 (E.D.N.C. Mar. 27, 2014) (emphases in original) (quoting Myers v. Loudoun Cnty. Pub. Schs, 418 F.3d 395, 401 (4th Cir. 2005)). Therefore, plaintiff, a non-attorney, does not have the authority to bring a *pro se* lawsuit on behalf of his minor children.

Even if plaintiff or his children met the "in custody" requirement of § 2254, this court is without jurisdiction to consider his petition because federal habeas relief is not available to remedy or challenge state court judgments regarding child custody and parental rights. See Lehman, 458 U.S. at 515-16; Doe v. Doe, 660 F.2d 101, 105-06 (4th Cir. 1981). Plaintiff insists that he does not seek review of the child custody and visitation decisions entered by Justice Gesmer, and that the purpose of this suit is to challenge various constitutional rights that have been violated by defendants in the divorce and child custody matter. A review of the entire petition, however, contradicts these claims. In his petition, plaintiff accuses Mother of committing a "kidnapping . . . under the color of the law" by virtue of the *ex parte* order, which allowed her to remove the children from his custody without due process of law. (Habeas Petition, DE #1-1, at 3-4.) He further requests as relief that the court determine that *ex parte* order and any other related orders entered by Justice Gesmer are "null and void," and order the "immediate return of the Children to the custody of the Petitioner (Father) in North Carolina[.]" (Habeas Petition Form, DE # 7-2, at 12.) The Supreme Court has held that federal habeas action

8

cannot be used where the true essence of the action is to allow a parent to relitigate parental rights and custody. Lehman, 458 U.S. at 512 (holding that, in general, federal courts have no jurisdiction to determine a parent's right to custody of their minor children, even if it is alleged that custody was obtained by means that violate the Federal Constitution). Because it is patently clear the object of the petition is for plaintiff to challenge the removal of the children from his custody and the visitations restrictions placed upon him by the New York court, the court lacks subject matter jurisdiction to consider the habeas petition.

**B. Petition for Declaratory Judgment**

Plaintiff has also filed a petition for declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, asking the court to make various declarations concerning whether the New York court has subject matter jurisdiction over the underlying custody case. (DE ## 5, 7-10.) Defendants contend there is no basis for jurisdiction. They move to dismiss plaintiff's petition for declaratory judgment for lack of subject matter jurisdiction pursuant to the domestic relations exception, federal statutory law, and the Rooker-Feldman doctrine.

While it is undisputed that there is diversity of citizenship between the parties, defendants contend that plaintiff's request for declaratory relief implicates the domestic relations exception to diversity jurisdiction, which prohibits federal courts from issuing or altering "divorce, alimony, and child custody decrees." Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992). Plaintiff asserts that this is a "non-domestic relations case" because it concerns only the issue of whether New York has jurisdiction over child custody proceedings. (Pet. for Dec. J., DE # 7-10, at 2.) Although plaintiff claims that he raises only the question of the jurisdiction of the New York court, a review of his petition reveals that the gravamen of this matter is his dissatisfaction with the custody and visitation decisions of the New York court. At its core, plaintiff's petition

9

seeks to invalidate the custody and visitation decisions rendered by Justice Gesmer, remove the children from the custody of Mother, whom plaintiff believes is a danger to the children, and to enforce the temporary custody order of the North Carolina court. Plaintiff is seeking, in effect, a declaration of his right to have custody of the children. Such relief falls squarely within the parameters of the domestic relations exception. See Cantor v. Cohen, 442 F.3d 196, 202 (4th Cir. 2006) (noting the domestic relations exception to diversity jurisdiction requires the lower federal courts to "generally abstain from hearing child custody matters").

Defendants next argue that a number of plaintiff's federal statutory claims fail to present a substantial federal question. In his jurisdictional statement, plaintiff appears to claim federal question jurisdiction based on the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. However, the operation of the Declaratory Judgment Act is procedural only and does not provide an independent basis for jurisdiction. Delavigne v. Delavigne, 530 F.2d 598, 601 (4th Cir. 1976). Plaintiff also claims that this court has federal question jurisdiction under the UCCJEA and the Parental Kidnapping Prevention Act ("PKPA"). (Pet. for Dec. J., DE # 7-10, at 9-11.) The UCCJEA does not create any federal right of action, as it is a state procedural statute adopted by New York and North Carolina. See N.Y. Dom. Rel. Law § 75 *et. seq.*; N.C.G.S. § 50A-101 *et. seq.* Similarly, the Supreme Court of the United States has determined that PKPA does not create a private right of action in federal court. Thompson v. Thompson, 484 U.S. 174, 187 (1988). Thus, neither the UCCJA nor the PKPA confer federal question jurisdiction.

Lastly, defendants contend that rather than raise a constitutional issue, plaintiff seeks primarily to obtain a reversal of a state court decision, a practice barred by the Rooker-Feldman doctrine. (Mem., DE # 24, at 26, 29.) Pursuant to the Rooker-Feldman doctrine, federal district courts lack subject matter jurisdiction to review challenges that are the functional equivalent of

10

an appeal of a state court judgment.  District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-84 (1983).  The Fourth Circuit has explained that "this doctrine applies only when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself."  Davani v. Va. Dept. of Transp., 434 F.3d 712, 713 (4th Cir. 2006) (citation omitted).  Further, a litigant "may not circumvent these jurisdictional mandates by instituting a federal action which, although not styled as an appeal, 'amounts to nothing more than an attempt to seek review of [the state court's] decision by a lower federal court.'"  American Reliable Ins. Co. v. Stillwell, 336 F.3d 311, 316 (4th Cir. 2003) (quoting Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997)).

In the instant case, plaintiff seeks a judgment "declar[ing] that there have been egregious errors at law by the state court of New York County in assuming subject matter jurisdiction of the case[.]"  (Pet. for Dec. J., DE # 7-10, at 1-2.)  Both the New York and North Carolina courts have already determined that New York had subject matter jurisdiction to make an initial child custody determination pursuant to the UCCJEA.  Plaintiff appealed this very issue to the New York appellate court, which found that Justice Gesmer properly weighed all factors when deciding North Carolina was not a more appropriate forum.  In bringing this action, plaintiff is essentially requesting that the court review and overturn the decisions of the state courts concerning how domestic relations law should be interpreted and applied.  Because this action is a collateral attack on a state court judgment, this court does not have jurisdiction under the Rooker-Feldman doctrine.

## III. CONCLUSION

For the reasons stated herein, defendants' motions to dismiss, (DE ## 23, 28), are GRANTED. The Clerk is DIRECTED to enter judgment in favor of defendants and close this case.

This 3 February 2016.

                                                W. Earl Britt  
                                                Senior U.S. District Judge